IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01782-BNB

JOSEPH JON DREISMEIER,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS (Executive Director C.D.O.C.),
KEVIN MILYARD (Warden SCF),
DARREN COE (Psych Doctor CSP),
MRS. ROBINSON (Psych Doctor SCF),
DR. FORTUNATO (Medical Doctor SCF), and
BILL RITTER, JR., Governor of Colorado,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 03 2010

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Plaintiff, Joseph Jon Dreismeier, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who was incarcerated at the correctional facility in Sterling, Colorado, when he initiated the instant action. He subsequently informed the Court that he currently is incarcerated at the correctional facility in Limon, Colorado. Mr. Dreismeier filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. §§ 1983 and 1985 for money damages. He was granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

On August 8, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Dreismeier to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and that alleged the personal participation of each named Defendant in the asserted constitutional

violations. On August 31, 2010, Mr. Dreismeier submitted an amended complaint pursuant to §§ 1983 and 1985.

The Court must construe Mr. Dreismeier's filings liberally because he is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed.

Mr. Dreismeier alleges that he is a mental patient who is being denied proper medical and psychological treatment on an ongoing basis. He maintains that state officials intentionally have retaliated against him for filing multiple complaints and grievances. On the basis of these allegations, he alleges violations of his rights to due process, equal protection, and to be free from cruel and unusual punishment.

Mr. Dreismeier's amended complaint, like the complaint he originally filed, fails to comply with the pleading requirements of Fed. R. Civ. P. 8. As Magistrate Judge Boland informed Mr. Dreismeier in the August 10 order for an amended complaint, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. See *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. See *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Magistrate Judge Boland specifically noted Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." He explained to Mr. Dreismeier that the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." He also explained that, taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules, and that prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. He stated that, in order for Mr. Dreismeier to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Magistrate Judge Boland reminded Mr. Dreismeier it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Dreismeier again asserts three claims for relief. Again, he fails to allege which claim is asserted pursuant to which statute. He also fails to set forth a short and plain statement of his claims showing he is entitled to relief. In support of his asserted claims, he specifically fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the amended complaint is vague. For the purposes of Rule 8(a), "[i]t is sufficient, and

indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Dreismeier also fails to make clear the personal participation of each named Defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). He fails to make any allegations against Defendants in the asserted claims. Although he provides a brief explanation of how each Defendant is acting under color of state law in the "Parties" section of the amended complaint, he fails to relate these allegations in some clear and logical manner to the asserted claims, delegating this task to the Court and Defendants. This is not a judicial function. Nor is it Defendants' responsibility. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the August 10 order for an amended complaint, Magistrate Judge Boland pointed out that to establish personal participation Mr. Dreismeier must show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Magistrate Judge Boland further pointed out there must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). He specifically noted that Defendants such as Governor Bill Ritter; Aristedes Zavaras, DOC executive director; or Kevin Milyard, warden of the Sterling Correctional Facility, may not be held liable on a theory of respondeat superior merely because their supervisory positions. *See*

4

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Despite this explanation, Mr. Dreismeier fails to demonstrate the personal participation of each named Defendant in the asserted claims.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. See *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8., and must be dismissed.

Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Joseph Jon Dreismeier, to file an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8. It is

FURTHER ORDERED that the clerk of the Court mail a copy of this order to Mr. Dreismeier at his current address at the Limon Correctional Facility.

DATED at Denver, Colorado, this 3rd day of September, 2010.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01782-BNB

Joseph Jon Dreismeier
Prisoner No. 115975
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/3/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk